## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IRENE DAVENPORT**<br>208 W. Higbee Street<br>Philadelphia, PA 19111<br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>**CITY OF PHILADELPHIA**<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102,<br><br><br>**THOMAS MCHALE**<br>**CITY OF PHILADELPHIA**<br>**POLICE DEPARTMENT**<br>(individually and in his official capacity)<br>Headquarters, Franklin Square<br>Philadelphia, PA 19106<br><br>**LESINETTE ORTIZ**<br>**CITY OF PHILADELPHIA**<br>**POLICE DEPARTMENT**<br>(individually and in her official capacity)<br>Headquarters, Franklin Square<br>Philadelphia, PA 19106<br><br>**SUSAN POLLICK**<br>**CITY OF PHILADELPHIA**<br>**POLICE DEPARTMENT**<br>(individually and in her official capacity)<br>Headquarters, Franklin Square<br>Philadelphia, PA 19106<br>　　　　　　　　　　　Defendants. | CIVIL ACTION - LAW<br><br><br><br>CASE NO.: 10-CV-<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Irene Davenport brings this suit to recover for federal constitutional and statutory violations, as follows:

-1-

## PARTIES

1. Plaintiff IRENE DAVENPORT, born on July 7, 1958, is a resident of 7257 N. 21st Street in the City of Philadelphia, Philadelphia County, in the Commonwealth of Pennsylvania.

2. Defendant CITY OF PHILADELPHIA (hereinafter referred to as "CITY") is a municipality in Philadelphia County, Pennsylvania.

3. Defendants THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK were at all relevant times police officers with the Police Department of the City of Philadelphia. They are sued in their individual and official capacity, and they were present and involved in the official police activities which give rise to the within causes of action.

## JURISDICTION AND VENUE

4. Jurisdiction in this Court is asserted under the provisions of 28 U.S.C. § 1331 and § 1343. This action arises under the provisions of the Civil Rights Act of 1866, as amended 42 U.S.C. § 1983.

5. Venue is appropriately laid in this Court pursuant to 28 U.S.C. § 1391(b) in that the actions complained of took place within the District and the Plaintiff and Defendants have carried on business within the District.

## FACTUAL ALLEGATIONS ON THE MERITS

6. On August 18, 2008, at approximately 11:00 a.m., Defendants, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK, physically assaulted and brutalized the Plaintiff without provocation, probable cause, exigency, or any other justifiable reason, striking her multiple times in the head, face and body, and causing severe and permanent injuries and damages.

7. At the time these Defendants physically assaulted and brutalized the Plaintiff, the Plaintiff was following the instructions of Defendants THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK,

and attempting to surrender to the police officers.

8. At all times relevant to this action, Plaintiff, IRENE DAVENPORT had no prior criminal record or outstanding criminal warrants which would justify the actions, or was relevant to the actions, taken by the defendants which are the subject of this litigation.

9. On the morning of August 18, 2008, Plaintiff IRENE DAVENPORT was in her home located at 7257 N. 21st Street, Philadelphia, Pennsylvania.

10. Plaintiff, IRENE DAVENPORT, answered her front door at the request of Defendants THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK.

11. When Plaintiff asked why the officers were knocking on her door, Defendant, THOMAS MCHALE responded that a disturbance in her home had been reported. Plaintiff responded that no disturbance existed.

12. Defendant officers, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK, responded to Plaintiff IRENE DAVENPORT that they needed to search her home, suddenly and without warning, one of the Defendants, slapped Plaintiff and pushed her out of the way.

13. After entering Plaintiff's home, suddenly, without warning, and without any information or questioning, Plaintiff IRENE DAVENPORT was physically grabbed by Defendants LESINETTE ORTIZ and SUSAN POLLICK, handcuffed, and thrown to the ground.

14. At various times throughout the assault by Defendants, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK, Plaintiff, IRENE DAVENPORT, requested that the handcuffs be loosened, as they were causing her pain, her requests were ignored.

15. Without provocation and/or any resistance from Plaintiff IRENE DAVENPORT, Defendants THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK, began to strike Plaintiff, IRENE DAVENPORT, on her person.

16. During this assault by defendants, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK, Plaintiff IRENE DAVENPORT and her son repeatedly called upon the Police Officers, to explain

- 3 -

why they were beating Plaintiff IRENE DAVENPORT, and they demanded that the officers stop the physical assault.

17. After defendants, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK, finished their physical assault upon the Plaintiff, IRENE DAVENPORT, she was dragged to a nearby police wagon and taken to the 35th Precinct and was placed in a holding cell.

18. Defendants, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK, ordered Plaintiff, IRENE DAVENPORT, to crawl out of the back of the aforesaid police wagon, despite her stated fear that she would fall and be injured.

19. At no time during the physical assault and beating to Plaintiff IRENE DAVENPORT by Defendants, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK, did any member of the Philadelphia Police Department take any action to stop the beating from occurring, or to take control of the situation, but rather, they stood by and watched and encouraged defendants, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK to continue their beating of the Plaintiff IRENE DAVENPORT.

20. Defendant, CITY, did not provide adequate training or supervision to its Police Department and Officers, and, in particular, failed to train and supervise the officers regarding the policies and procedures for crowd control, crowd disbursement, proper procedures for questioning persons and taking persons into custody, and protecting the rights of individuals.

21. When the police officers arrived at the scene on 7257 N. 21st Street, Philadelphia, Pennsylvania as described above, Plaintiff IRENE DAVENPORT was unarmed, there was no dispute in progress concerning the Plaintiff, and there was no need of justification for the police officers to engage Plaintiff, IRENE DAVENPORT, in any activity whatsoever.

22. Upon their arrival at the scene, defendants, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK did not ask Plaintiff IRENE DAVENPORT any questions about her identity, the reported basis for their demands to enter her home, or about Plaintiff, IRENE DAVENPORT'S purpose for being at the

scene, and defendants, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK, made no effort to determine whether there was any actual need or proper basis for the police officers to use physical and excessive force upon Plaintiff, IRENE DAVENPORT, or take Plaintiff, IRENE DAVENPORT, into custody.

23. Defendants, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK'S actions toward Plaintiff, IRENE DAVENPORT, were contrary to accepted and proper police practices and in violation of the Plaintiff's clearly established constitutional and statutory rights.

24. Defendants, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK, did not have a search warrant or an arrest warrant for Plaintiff, IRENE DAVENPORT, and there were no exigent circumstances or immediate danger to the community or to the police officers justifying their physical assault upon the Plaintiff, IRENE DAVENPORT.

25. Contrary to and in violation of the Plaintiff, IRENE DAVENPORT'S clearly established constitutional and federal statutory rights, and contrary to accepted police practices, Defendants, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK, upon engaging the Plaintiff IRENE DAVENPORT, immediately began yelling at Plaintiff and physically assaulting and brutalizing Plaintiff with their bodies and fists.

26. Defendants, acting with deliberate indifference, willfully disregarded proper policies and procedures and instead approached Plaintiff, IRENE DAVENPORT, in a loud, hostile and confrontational manner, and without any effort to ascertain whether or not Plaintiff, IRENE DAVENPORT, posed a threat, and/or whether or not he had any relationship to the dispute giving rise to the police presence in the area.

27. Defendants repeatedly violated accepted police practice standards for responding to disturbances and for dealing with and controlling an alleged disturbance in a private residence.

28. When Plaintiff IRENE DAVENPORT and her son demanded to know why the police officers, particularly defendants, LESINETTE ORTIZ and SUSAN POLLICK, were physically assaulting and brutalizing the Plaintiff IRENE DAVENPORT, the defendant officers provided no explanation or response.

29. During the assault by defendants, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN

POLLICK, Plaintiff, IRENE DAVENPORT, and her son repeatedly advised the defendants that Plaintiff, IRENE DAVENPORT, was not involved in any kind of dispute that might have lead to their being called, that she was not armed or dangerous, that she was not fighting back, and that the police were violating her constitutional rights, but the defendants remained and continued to brutalize and assault Plaintiff, IRENE DAVENPORT.

30. Defendants, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK, repeatedly cursed at Plaintiff, IRENE DAVENPORT, and treated her in a demeaning manner, refusing to give the Plaintiff any opportunity to respond or defend herself.

31. At every opportunity relevant to this incident, defendants, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK, acting with deliberate indifference, heightened the level of confrontation and escalated the tension of the situation.

32. Plaintiff IRENE DAVENPORT, at various and numerous times, asked the defendants to let her speak with her family, and she also asked the defendants to speak with her family at the scene, but they refused.

33. Defendants, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK, acting with deliberate indifference, refused to utilize any peaceful mechanisms for resolving the situation they had created, and instead isolated Plaintiff, IRENE DAVENPORT, from her private sources of aid.

34. Defendants, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK, further escalated the situation, contrary to accepted police practices and contrary to Plaintiff's constitutional and federal statutory rights, as they placed Plaintiff, IRENE DAVENPORT, in handcuffs and placed her into police custody.

35. Plaintiff IRENE DAVENPORT, continuing her desperate efforts to avoid serious physical injury and a confrontation with police, and in desperate fear of harm to herself and her friends, begged the defendant officers to just tell her what she had done wrong.

36. Instead of providing any explanation, defendants, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK, continued to beat Plaintiff, IRENE DAVENPORT, with their bodies and fists.

37. As a result of this conduct by the defendants, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK, Plaintiff, IRENE DAVENPORT, felt trapped and was severely fearful of the police officers

surrounding her and the officers beating her while she was completely subdued and unable to protect herself.

38. As a result of the feelings of desperation brought on by Defendants, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK'S, actions and inactions, Plaintiff, IRENE DAVENPORT, attempted to protect herself from the repeated blows to her head and body by defendants, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK. Plaintiff, IRENE DAVENPORT, attempted to break free from defendants, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK'S, attack.

39. At all relevant times, defendants, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK, knew and/or should have known that Plaintiff IRENE DAVENPORT was not a threat to them in any way.

40. Plaintiff, IRENE DAVENPORT spent several hours in the hospital where she was examined and given diagnostic tests for his injuries.

41. As a direct result of the defendants' actions, Plaintiff, IRENE DAVENPORT, suffered severe and permanent personal injuries, including a cervical sprain and strain with dysfunction, thoracic sprain and strain with dysfunction, lumbar sprain and strain with dysfunction, myofascial pain syndrome, bilateral trapezius myofascitis together with post traumatic stress, and other residual personal injuries

42. At all relevant times, Defendants knew and/or should have known that Plaintiff, IRENE DAVENPORT, had sustained serious injuries as a result of their actions.

43. Nonetheless, Defendants acted with deliberate indifference to Plaintiff's serious medical needs and significantly restricted her freedom to act on her own behalf.

44. Defendants have acted with malice and/or callous indifference toward Plaintiff's federal constitutional and statutory rights.

45. At all times during the events described above, each of the Defendants agreed with and assisted each of the other police officers in performing the various actions described herein, and lent their support and the authority of their office to each other during said events.

46. Defendants each advised, assisted, ratified and/or directed the actions taken against Plaintiff,

IRENE DAVENPORT.

47. Each of the Defendant officers played a substantial role and provided input which affected the adverse actions against Plaintiff, IRENE DAVENPORT.

48. Defendants used unnecessary, unreasonable and excessive force against Plaintiff, IRENE DAVENPORT.

49. Defendants' conduct shocks the conscience of this community and of the police department.

50. Defendants acted with malice and/or deliberate indifference toward Plaintiff, IRENE DAVENPORT, and her federal rights.

51. Plaintiff, IRENE DAVENPORT'S, serious injuries were a foreseeable and direct result of Defendants' actions and inactions.

52. Defendants violated the Plaintiff's clearly established and well settled federal constitutional rights, including but not limited to the right to liberty, and personal security, the right to be free from unreasonable searches and seizures, and the right to be free from the use of excessive, unreasonable and unjustified force.

53. Plaintiff IRENE DAVENPORT'S constitutional rights were clearly established at the time of Defendants' actions.

54. City of Philadelphia police officers, including those named as defendants herein, have a pattern and practice of using unreasonable and excessive force and violating the civil rights of those with whom they come into contact.

55. Defendant, CITY, has with deliberate indifference, failed to adequately train, supervise and discipline their officers to prevent civil rights violations within the City, and the injuries to Plaintiff were caused by, and were a foreseeable consequence of, such failures.

56. Defendant, CITY, has, with deliberate indifference, failed to adequately train and supervise their officers concerning the proper way to respond to a report of a domestic disturbance, and the injuries to Plaintiff were caused by, and were a foreseeable consequence of, such failures.

57. Defendant, CITY, has, with deliberate indifference, failed to adequately train and supervise their officers concerning the proper way to respond calls involving crowds, and the injuries to Plaintiff were caused by, and were a foreseeable consequence of, such failures.

58. Defendant, CITY, has, with deliberate indifference, failed to adequately train and supervise their officers concerning the proper way to handle a disturbance, and the injuries to Plaintiff were caused by, and were a foreseeable consequence of, such failures.

59. Defendant, CITY, has, with deliberate indifference, failed to adequately train and supervise their officers concerning the proper use of force and deadly force, and the injuries to Plaintiff were caused by, and were a foreseeable consequence of, such failures.

60. Defendant, CITY, has, with deliberate indifference, failed to adequately train and supervise their officers concerning the proper provision of medical care to injured suspects, and the injuries to Plaintiff were caused by, and were a foreseeable consequence of, such failures.

61. Defendant, CITY, knew and/or reasonably should have known that they had provided inadequate training, supervision and discipline to Defendant officers, and that this failure of training, supervision and discipline was likely to result in the constitutional and statutory violations that caused Plaintiff, IRENE DAVENPORT'S injuries.

62. As a direct and proximate result of the Defendants' unlawful and discriminatory actions and inactions against Plaintiff, IRENE DAVENPORT, has suffered grievously and needlessly.

63. Defendants' actions and inactions have caused Plaintiff, IRENE DAVENPORT permanent and disfiguring injuries.

64. As a direct and proximate result of the Defendants' actions and inactions as alleged, Plaintiff, IRENE DAVENPORT, has experienced extreme mental and physical pain and suffering, the loss of liberty, the loss of her ability to enjoy the pleasures of life.

65. As a direct and proximate result of Defendants' actions and inactions, Plaintiff, IRENE DAVENPORT, has lost earnings and earning capacity and she has lost the ability to provide services and

earnings to herself and her family.

66. Plaintiff suffered damage to her real and personal property and other incidental damages as a result of Defendants' actions and inactions.

67. Also as a result of Defendants' actions, Plaintiff IRENE DAVENPORT has been forced to incur significant medical expenses for the care and treatment of the injuries she sustained in this incident.

<u>COUNT I - VIOLATION OF 42 U.S.C. ' 1983</u>
<u>DEFENDANT CITY OF PHILADELPHIA</u>

68. The allegations of all the preceding and subsequent sections and paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

69. The decisions and actions of the officials of the defendant, CITY, as set forth herein represented and constituted the official policy and/or customs of the City of Philadelphia.

70. As reflected in the actions taken against Plaintiff, IRENE DAVENPORT, it was the policy, practice and/or custom of the defendant, CITY, to use excessive force against people within the City of Philadelphia.

71. Prior to the events described herein, the defendant, CITY, developed and maintained policies, practices and/or customs exhibiting deliberate indifference to the constitutional rights of persons within the City of Philadelphia, which caused the violation of Plaintiff, IRENE DAVENPORT'S, rights.

72. It was the policy and/or custom of the defendant, CITY, to inadequately and improperly investigate citizen complaints of constitutional violations by city officials, and such violations were instead tolerated by the City of Philadelphia.

73. It was the policy, practice and/or custom of the defendant, CITY, to inadequately supervise and train its officials, including those identified herein, thereby failing to adequately prevent and discourage further civil rights violations on the part of its officials.

74. Defendant, CITY, did not require appropriate in-service training or re-training of officials who

were known to have engaged in civil rights violations.

75. As a result of the policies, practices and/or customs of the defendant, CITY, including those identified above, City officials, including those named herein, believed that their unconstitutional and unlawful actions would not be investigated or censured, but would be tolerated.

76. Defendant, CITY'S, policies, practices and customs demonstrate a deliberate indifference on the part of policymakers of the City of Philadelphia -- including Defendants named herein-- to the constitutional rights of persons within the City of Philadelphia, and were the cause of the violations of Plaintiff, IRENE DAVENPORT'S, rights as alleged herein.

77. As a direct and proximate result, Plaintiff IRENE DAVENPORT, was severely injured as stated herein.

### COUNT II - 42 U.S.C. 1983
### DEFENDANTS CITY, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK

78. The allegations of all the preceding and subsequent sections and paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

79. Defendants CITY, JANE DOE and JOHN DOE, inadequately supervised and trained the City's police officers, including those identified herein, thereby failing to adequately prevent and discourage civil rights violations on the part of its officials.

80. Defendants CITY, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK, acted with deliberate indifference to the constitutional rights of persons within the City of Philadelphia, and were the cause of the violations of Plaintiff, IRENE DAVENPORT'S, rights as alleged herein.

81. Defendants CITY, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK, failed to adequately and properly investigate citizen complaints of constitutional violations by city officials, and such violations were instead tolerated.

82. As a direct and proximate result, Plaintiff IRENE DAVENPORT was severely injured as stated herein.

### COUNT III - 42 U.S.C. ' 1983 - UNREASONABLE SEARCHES AND SEIZURES VIOLATION OF FOURTH AMENDMENT RIGHTS DEFENDANTS CITY, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK

83. The allegations of all the preceding and subsequent sections and paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

84. Defendants CITY, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK, acting in concert under color of law, denied Plaintiff, IRENE DAVENPORT, her rights under the Fourth Amendment to the United States Constitution, including her right to be free from unreasonable searches and seizures, in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. ' 1983.

85. As a direct and proximate result, Plaintiff, IRENE DAVENPORT, was severely injured as stated herein.

### COUNT IV - 42 U.S.C. ' 1983 - UNREASONABLE USE OF FORCE VIOLATION OF FOURTH AMENDMENT RIGHTS DEFENDANTS CITY, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK

86. The allegations of all the preceding and subsequent sections and paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

87. Defendants CITY, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK, acting in concert under color of law, denied Plaintiff, IRENE DAVENPORT, her rights under the Fourth Amendment to the United States Constitution, including his right to be free from the use of excessive force, in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. ' 1983.

88. As a direct and proximate result, Plaintiff was severely injured as stated herein.

### COUNT V - 42 U.S.C. ' 1983 - SUBSTANTIVE DUE PROCESS VIOLATION OF FOURTEENTH AMENDMENT RIGHTS DEFENDANTS CITY, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK

89. The allegations of all the preceding and subsequent sections and paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

90. Defendants CITY, THOMAS MCHALE, LESINETTE ORTIZ and SUSAN POLLICK, acting in concert under color of law, denied Plaintiff, IRENE DAVENPORT, her rights under the Fourteenth Amendment to the United States Constitution, including his right to personal security and to be free from arbitrary government action that shocks the conscience, in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. ' 1983.

91. As a direct and proximate result, Plaintiff was severely injured as stated herein.

### REQUESTED RELIEF

WHEREFORE, Plaintiff requests that the Court find and determine, after trial by jury as appropriate, that Plaintiff, IRENE DAVENPORT has suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, discrimination, and otherwise wrongful conduct and award the following relief, as appropriate:

(a) a declaration that Defendants have violated Plaintiff's civil rights;

(b) compensatory damages in excess of $150,000;

(c) prejudgment interest, attorneys' fees and costs;

(d) punitive damages against the individual defendants in their individual capacities;

(e) such other legal and equitable relief as the Court deems just and proper.

JURY TRIAL DEMANDED

SILVERS, LANGSAM & WEITZMAN, P.C.

KENNETH C. EDELIN, ESQUIRE
FRANK BREITMAN ESQUIRE
Attorney I.D. Nos. 79922/35506
1410, Two Penn Center
Philadelphia, PA 19102
(P) 215-227-2727
(F) 215-563-6617
Email: kedelin@myphillylawyer.com
Counsel for Plaintiff

Date: May 24, 2010